### LEE & HARDY vs. PALMER ET AL.

#### ON AN APPLICATION FOR A RE-HEARING.

The damages allowed by law to the appellee in case of a frivolous appeal, or
one evidently taken for delay, will not be given unless they are claimed in
the answer to the appeal.

This case was decided the preceding month; see 18 La.
Reports, p. 405.

*Chinn*, for the garnishees, applied for a re-hearing and cor-
rection of the former judgment, especially that part of it giving
ten per cent. damages as for a frivolous appeal, when none
were asked for by the appellees.

The counsel urged that the court in its zeal to prevent gar-
nishees from manœuvering to keep money of others in their
hands without interest, had, he humbly conceived, fallen into
a much greater abuse, that of violating positive law.

The court is pleased to make the counsel cut the ridiculous
figure of assigning for error in this case, that which had oc-
curred in another. The judgment appealed from in which the
errors were assigned and this court called on to revise, was one
of Lee & Hardy vs. Ward, Moffatt & Co., defendants. When

4    VOL. XIX.

the counsel suggested that the inferior court erred in rendering judgment against the *defendants*, what defendants did he mean? Surely not the defendant, J. E. Palmer; but only the defendants named in the judgment appealed from, and which should have undergone revision.

The counsel then went into a critical and elaborate discussion of the merits and proceedings had in the intervention of Elliott & Worley, who claimed the cotton or its proceeds in the hands of the garnishees, and to show that the latter were justified in keeping the money in their hands and were bound to litigate the plaintiff's demand.

The counsel concluded by showing that the court erred in awarding ten per cent. damages. The original judgment already gave eight per cent. interest. The universal practice of the court was not to give damages when the judgment bore interest, or allowed more than five per cent.; 9 *La. Rep.*, 416; 11 *Idem*, 228.

No damages will be allowed when the evidence is contradictory; nor when the appellant honestly thought he was entitled to relief or had a legal defence; 4 *Martin, N. S.*, 619; 5 *Idem,* 664; 7 *Idem*, 367. The court has not the power of awarding damages in this case. It is not even a question of legal or other discretion to grant or refuse it. Whatever power the court possesses is derived from the article 907 of the Code of Practice; and that only allows its exercise when the appellee claims it in his answer. No such claim is set up in the appellees' answer in this case. They or their counsel did not consider themselves entitled to damages, or at least they have refrained from claiming any.

*Garland, J.* delivered the opinion of the court.

We have attentively considered the petition for a re-hearing in this case. It is a repetition of previous arguments urged in the case or complaints as to the inferences that may be drawn from the opinion of the court. The garnishees also offer the affidavit of their clerk to show they have paid over the

proceeds of the cotton to Elliott & Worley, who claimed it, because, as is said, they thought those intervenors entitled to them. It is not the practice of this court to receive additional testimony on applications for a re-hearing, but if such were the practice, the affidavit does not much strengthen the petition for a re-hearing. It would·appear from this statement that the garnishees have assumed to act upon their own ideas of what ought to be done by the court, and decided the case in favor of their friends and paid them the money in contest. As their authority to make such a decision·is not admitted, we cannot recognize it. This is not the mode by which a garnishee can be released if he does not wish to keep the thing attached.

The garnishees have called our attention to the allowance of ten per cent. as damages, and allege the plaintiffs did not claim them in their answer to the petition of appeal. Upon examination we find such is the fact. In the argument the plaintiff's counsel claimed the damages, and the suggestion of their not being claimed not being made by the counsel for appellants, we took it for granted and did not examine the joinder in error particularly. This oversight will therefore be corrected ; the judgment of this court is therefore amended by disallowing the damages at the rate of ten per cent., and the judgment in all other respects affirmed.

*[Margin:] Eastern Dis. June, 1841.*

*LEE & HARDY, vs. PALMER ET AL.*

*The damages allowed by law to the appellee in case of a frivolous appeal, or one evidently taken for delay, will not be given unless they are claimed in the answer to the appeal.*